[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY. {¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
 {¶ 2} Defendant-appellant Sonja Woods appeals her conviction for aggravated vehicular assault under R.C. 2903.08(A)(1), a third-degree felony. Woods pleaded no contest, and the trial court sentenced her to two years in prison and suspended her driver's license for eight years. We affirm.
 {¶ 3} On September 6, 2002, Woods lost control of her motor vehicle and crashed into the concrete wall of a cemetery. Woods's blood-alcohol level was 0.17%. A passenger in Woods's car, Sheryl Price, suffered serious physical injuries, including fractures to her nasal, facial, and spinal bones.
 {¶ 4} Before Woods entered her plea of no contest, the trial court informed her of her potential sentence, including a presumption of a prison term and the suspension of her driver's license, and told her about post-release control. The court also informed Woods that she was waiving her right to a trial and her right to confront witnesses. The court then verified that Woods was voluntarily, knowingly, and intelligently entering her no-contest plea.
 {¶ 5} At Woods's sentencing hearing, the trial court stated that the victim had suffered serious physical harm, and it considered the victim impact statement. The court also examined the presentence-investigation report, noting that Woods had prior delinquency adjudications and convictions, including a conviction for manslaughter, and that she "had an unsuccessful rehabilitation after probation." The court then sentenced Woods to two years in prison and suspended her driver's license for eight years.
 {¶ 6} On appeal, counsel for Woods has filed a brief in accordance with Anders v. California,[1] stating that counsel has conscientiously reviewed the record and has not discovered any reversible errors in the trial proceedings. Consequently, counsel has sought to withdraw from representation and requests that this court, consistent with Anders, independently review the record to determine whether the proceedings below were free from prejudicial error.
 {¶ 7} Counsel, as required by Anders, has given Woods the opportunity to provide grounds for this appeal. In her single assignment of error, Woods argues that she was sentenced against the manifest weight of the evidence and in a fashion contrary to the balancing factors set out in the sentencing guidelines.
 {¶ 8} Our review of the record reveals that there was some confusion in the proceedings below as to whether Woods's conviction required a mandatory prison term. A conviction under R.C. 2903.08(A)(1) does require a court to impose a mandatory prison term.[2] There is also a mandatory prison term when an offender is sentenced for a third-degree-felony OMVI offense.[3] Therefore, the trial court was required to impose a mandatory prison sentence of at least one year. But because the court sentenced Woods to two years, there was no error. We also conclude that the trial court made all the necessary findings and correctly followed the sentencing guidelines, and that the sentence was not against the manifest weight of the evidence.
 {¶ 9} Therefore, we are satisfied that Woods's counsel has correctly determined that the proceedings below were free of prejudicial error. We conclude that Woods's appeal is completely without merit and is wholly frivolous. Accordingly, we overrule counsel's motion to withdraw and affirm the judgment of the trial court.
 {¶ 10} Although we hold that this appeal is frivolous under App.R. 23 and without "reasonable cause" under R.C. 2505.35, we refrain from taxing costs and expenses against Woods because she is clearly indigent.
 {¶ 11} Further, a certified copy of this Judgment Entry shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Gorman and Painter, JJ.
[1] (1967), 386 U.S. 738, 87 S.Ct. 1396.
[2] R.C. 2903.08(C).
[3] R.C. 2929.13(G)(2).